IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD LaCROIX,**    CASE NO. 2:06-cv-655
                                        JUDGE WATSON
      **Petitioner,**    MAGISTRATE JUDGE KEMP

v.

**JEFFREY WOLFE, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

Petitioner's request that the Court order respondent to submit a copy of petitioner's sentencing transcript, *see* Doc. No. 8, is **DENIED.**

### I. PROCEDURAL HISTORY

On March 2, 2002, petitioner, while represented by counsel, pleaded guilty in the Guernsey County Court of Common Pleas to endangering children, in violation of O.R.C. §2919.22(B)(1), and involuntary manslaughter, in violation of O.R.C. §2903.04, with a firearm specification.  Exhibits B and C to Return of Writ.  On  March 25, 2002, petitioner was sentenced pursuant to the joint agreed upon recommendation of the parties to an aggregate term of fifteen years incarceration.  *Id.* He never filed a timely appeal.  On December 20, 2005, petitioner filed a motion for delayed appeal with the state appellate court.  Petitioner asserted that he did not know he had the right to appeal,

and was not informed by either the trial court or his attorney regarding his right to appeal, or the time limits for filing an appeal. Exhibit D to Return of Writ. On February 6, 2006, the appellate court denied petitioner's motion for delayed appeal. Exhibit E to Return of Writ. Petitioner filed a timely appeal to the Ohio Supreme Court. Exhibit F to Return of Writ. On May 24, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit H to Return of Writ.

On July 31, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was denied equal protection and due process as guaranteed by the United States Constitution when the trial court failed to notify petitioner of his right to appeal.
>
> 2. Petitioner was denied equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution when the state appellate court refused to accept his delayed appeal.

It is the position of the respondent that this action is barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion

>of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on April 24, 2002, thirty days after petitioner was sentenced on March 25, 2002, when the time period expired to file a timely appeal to the state appellate court. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir.2002); Ohio App.R. 4(A).  The statute of limitations expired one year later, on April 24, 2003.  Petitioner's December 20, 2005, motion for delayed appeal did not toll or otherwise affect the running of the statute of limitations, because the statute of limitations had already long since expired prior to the date petitioner filed his motion for delayed appeal. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6 Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same).  Further,

3

petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003).

Petitioner, however, contends that his habeas corpus petition nonetheless is timely, because he did not know about, and was not advised of his right to appeal. In *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that an otherwise untimely federal habeas corpus petition may be timely when a defendant is not advised of his right to appeal. In such a scenario, under 28 U.S.C. §2244(d)(1)(D), the statute of limitations does not begin to run on a claim that the state appellate court improperly denied a motion for delayed appeal until the date on which the state appellate court denied the motion for delayed appeal. *Id*., at 469. Additionally, the Sixth Circuit in *DiCenzi v. Rose, supra*, held that, where a criminal defendant is not advised of and does not know of his right to appeal, habeas corpus claims relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. §2244(d)(1)(D), if the petitioner acted reasonably diligently:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence. *Wims,* 225 F.3d at 190.
>
> \*\*\*
>
> ... [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing]. *Wims,* 225 F.3d at 190-91 (citing *Easterwood v. Champion,* 213 F.3d

4

>1321, 1323 (10th Cir.2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.*, at 470-471. "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D). *Id.,* at 471, citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir.2001).

Here, however, petitioner signed a written guilty plea that indicated, *inter alia,* that he understood his right to appeal a maximum sentence, his other "limited appellate rights," and that any appeal must be filed within thirty days of his sentence. Exhibit B to Return of Writ. In view of his signed guilty plea acknowledging that he had been advised of his appellate rights, and of the time period to file an appeal, neither *DiCenzi v. Rose, supra*, nor 28 U.S.C. § 2244(d)(1)(D), render petitioner's habeas corpus claims timely. As discussed, petitioner waited more than three years after he was sentenced before filing a motion for delayed appeal with the state appellate court.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be dismissed as untimely. Petitioner's request that the Court order respondent to submit a copy of the sentencing transcripts, *see* Doc. No. 8, is **DENIED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge